OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-captioned CPLR article 78 proceeding, petitioner seeks relief in the nature of prohibition preventing *527 respondents from conducting any further proceedings concerning petitioner’s performance of his duties as the Justice of the Ancram Town Court. Respondents have cross-moved for an order pursuant to CPLR 7804 (f) and 3211 (a) dismissing the petition upon the grounds that this court does not have subject matter jurisdiction or, alternatively, that the petition fails to state a cause of action.
Petitioner was most recently elected to the office of Town Justice in November of 1985. In early 1986, the Commission on Judicial Conduct (Commission) began an investigation of petitioner’s conduct in his judicial capacity. On two separate occasions in March and April, a Commission investigator visited petitioner and reviewed copies of his court records. By letter dated April 20, 1986, petitioner submitted his resignation to the Town Board. By letter dated April 24, 1986, the Commission notified him that he would be required to appear before it to give testimony. He so appeared and testified on May 6, 1986. Thereafter, a formal complaint dated May 21, 1986 was served upon petitioner, a hearing with respect thereto was ordered and thereafter held on July 30 and August 1, 1986.
The authority for the Commission to monitor the activities of the Judges and Justices of this State has its foundation in NY Constitution article VI. The Legislature has enacted Judiciary Law § 47 to provide for continuing jurisdiction by the Commission in certain instances where a Judge has resigned from office. That section, in pertinent part to the issues at bar, provides that the Commission shall not be divested of jurisdiction "in any case in which the commission’s determination that a judge should be removed from office shall be transmitted to the chief judge of the court of appeals within one hundred twenty days after receipt by the chief administrator of the courts of the resignation of such judge.” Herein, petitioner seeks a resolution of the issue of whether the respondents may institute, maintain or continue investigations or formal proceedings after resignation as a Judge prior to receipt of notice that an investigation has been commenced.
Initially, it is without doubt that this court has subject matter jurisdiction to review the activities of the Commission on Judicial Conduct (Matter of Nicholson v State Commn. on Judicial Conduct, 50 NY2d 597).
Respondents have also cross-moved for relief pursuant to CPLR 3211, asserting that the petition fails to state a cause of *528 action. In resolving this portion of the cross motion, the issue is not whether petitioner may be ultimately successful on the merits. Rather, assuming all of the facts as pleaded to be true, the test is whether they have stated grounds for relief. Thus, for purposes of the cross motion, the court shall accept petitioner’s allegation that he submitted his resignation to the Town Board on April 20, 1986, and that he received the Commission’s notice on April 29, 1986. Assuming these facts to be true, nevertheless, the pleading fails to state grounds upon which prohibition may be premised.
The Public Officers Law mandates that Judges of the Unified Court System notify the Chief Administrator of the Courts upon resignation after proper receipt of a resignation. Judiciary Law § 47 allows the Commission 120 days to render its determination. Jurisdiction is not predicated upon commencement of any formal or informal investigation prior to the resignation. It merely is continued for an additional period after such a resignation. Herein, it does not appear that petitioner has yet complied with the provisions of the Public Officers Law concerning his resignation, and as such, the 120 days afforded to respondents in which to make a determination has not yet commenced. As such, the petition fails to state a cause of action and must be dismissed.